IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 4:19-cr-43

KENNETH R. SPIRITO,

Defendant.

*MEMORANDUM OPINION AND ORDER*

Before the Court are Kenneth R. Spirito's ("Defendant") Motions to Dismiss Counts 1–17 (ECF Nos. 26, 27) and Count 19 (ECF No. 41) of the Superseding Indictment (ECF No. 29). The Court has evaluated the relevant documents and the filings of the parties and determined that it is appropriate to rule on the Defendant's pending Motions to Dismiss in this Order. Defendant's Motions to Dismiss are **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

At the time of the allegations levied against the Defendant, he was the Executive Director of the Peninsula Airport Commission ("PAC"). Defendant was named in an eighteen-count Indictment on May 13, 2019 ("Indictment 1"). ECF No. 3. Indictment 1 charged Defendant with Counts 1–11, Conversion and Misapplication of Property from an Organization Receiving Federal Funds, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2 ("the Misapplication Counts"); Counts 12–17, Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. §§ 1957 and 2 ("the Money Laundering Counts"); and Count 18, Falsification of Records in Federal Investigations, in violation of 18 U.S.C. § 1519.

On August 27, 2019, Defendant filed a Motion to Dismiss on Counts 1–17 of Indictment 1 ("Motion to Dismiss 1"). ECF No. 26. On September 9, 2019, the Government obtained a twenty-

four-count superseding indictment ("Indictment 2"). ECF No. 29. Indictment 2 maintains Counts 1–18 of Indictment 1, but adds Count 19, an additional Misapplication Count, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2; Counts 20–23, Perjury, in violation of 18 U.S.C. § 1623(a); and Count 24, Obstruction of Justice, in violation of 18 U.S.C. § 1503. ECF No. 29.

On September 19, 2019, the Government responded to Defendant's Motion to Dismiss 1 after obtaining Indictment 2. ECF No. 35. On November 25, 2019, Defendant filed a Motion to Dismiss on Count 19 of Indictment 2 ("Motion to Dismiss 2"). ECF No. 41. The Government filed its response to Defendant's Motion to Dismiss 2 on December 10, 2019. Given the similarities between Counts 1–17 of Indictment 1 and Indictment 2, as well as the Government's response to Motion to Dismiss 1 after obtaining Indictment 2, the Court will not treat Motion to Dismiss 1 as mooted by Indictment 2. Additionally, the Court concludes that the issues raised by Defendant's Motions to Dismiss are identical, such that Motion to Dismiss 1 and Motion to Dismiss 2 may be resolved in the same Order. In total, Defendant challenges the Misapplication Counts found in Counts 1–11 and 19, as well as the Money Laundering Counts found in Counts 12–17, while Counts 18 and 20–24 remain unchallenged.

## II. LEGAL STANDARDS

### A. Sufficiency of a Criminal Indictment

*United States v. Perry* comprehensively outlines the standard for considering a defendant's motion to dismiss prior to the verdict. 757 F.3d 166, 171 (4th Cir. 2014). The indictment at issue must contain every essential element of the offenses charged, fairly inform a defendant of the charges, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offenses. *Id.* citing *United States v. Kingrea*, 573 F.3d 186, 191 (4th Cir. 2009). While it is generally sufficient that an indictment set forth the offenses in the words of the statutes

themselves, a general description of the offenses charged using statutory language must be accompanied by a statement of facts so as to inform the defendant of the specific allegations covered by the statutory language. *Perry*, 757 F.3d at 171 *citing Hamling v. United States*, 418 U.S. 87, 117–18 (1974). Thus, an indictment must contain (1) the elements necessary to constitute the offenses charged; and (2) a statement of the essential facts constituting the offenses charged. *Perry*, 757 F.3d at 171 *citing United States v. Quinn*, 359 F.3d 666, 673 (4th Cir. 2004).

A court's consideration of motions challenging the sufficiency of an indictment is limited to the allegations contained in that indictment. *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012). Courts lack the authority to review the sufficiency of evidence supporting an indictment and may not dismiss on a determination of facts that should have been developed at trial. *Id. quoting United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010); *United States v. Wills*, 346 F.3d 476, 488 (4th Cir. 2003). Without the absence of the elements of the offenses charged or a statement of the essential facts, a defendant is required to demonstrate the allegations within an indictment do not establish violations of the relevant statutes. *Engle*, 676 F.3d at 415.

## B. Elements of the Misapplication Counts (18 U.S.C. § 666)

In order to make proper charges on the Misapplication Counts, Indictment 2 must allege the following elements and accompanying essential facts:

> (1) At the time alleged in the indictment, the Defendant was an agent of an organization, government, or agency;
> (2) In a one-year period, the organization, government, or agency received federal benefits in excess of $10,000;
> (3) The Defendant embezzled, stole, obtained by fraud, or otherwise without authority knowingly converted to the use of any person other than the rightful owner or intentionally misapplied property;
> (4) The property was owned by or was in the care, custody, or control of the organization, government, or agency; and
> (5) The value of the property was at least $5,000.

Title 18, United States Code, Section 666; *Sabri v. United States*, 541 U.S. 600 (2004).

## C. Elements of the Money Laundering Counts (18 U.S.C. § 1957)

In order to make proper charges on the Misapplication Counts, Indictment 2 must allege the following elements and accompanying essential facts:

(1) The Defendant knowingly engaged or attempted to engage in a monetary transaction;
(2) The Defendant had knowledge that the property involved in the monetary transaction was from criminally derived property;
(3) The property involved was of greater value than $10,000; and
(4) The property involved in the monetary transaction is derived from specified unlawful activity.

Title 18, United States Code, Section 1957; *United States v. Vinson*, 852 F.3d 333, 356 (4th Cir. 2017); *United States v. Cherry*, 330 F.3d 658, 668 (4th Cir. 2003).

## III. DISCUSSION

Defendant's Motions to Dismiss contain arguments relying on discovery evidence and his preferred interpretations of law applied to that discovery evidence. Consistent with the legal standards outlined in Section II.A of this Order, the Court may only evaluate the allegations contained in Indictment 2 to resolve Defendant's Motions to Dismiss. Relatedly, the Court will not entertain the sufficiency of the evidence underpinning the allegations in Indictment 2 or the factual conclusions derived from the trial theories of either party.

### A. The Misapplication Counts (18 U.S.C. § 666(a)(1)(A))

*1. Counts 1–17*

In Motion to Dismiss 1, Defendant challenges Counts 1–17 by arguing that he acted lawfully at the direction of his employer at all times, the use of State Entitlement Funds ("SEF") to guarantee a loan was legal under Virginia law, and that he did not act with a culpable state of mind necessary for a criminal conviction under § 666. However, Indictment 2 clearly alleges that

Defendant violated § 666 by unlawfully using PAC funds from several public sources[1] to guarantee a risky $5 million loan to People Express Airlines ("PEX") through TowneBank. Indictment 2 further alleges that Defendant attempted to conceal his actions by failing to inquire about the legality of his actions to the Virginia Department of Aviation ("DOAV"), delaying the submission of audited financial statements, lying to Federal Aviation Administration ("FAA") investigators, deceiving the PAC board about the organization's financial maneuvers taken at his direction, and establishing and funding collateral accounts with sources contrary to their titles. Indictment 2 contains 46 paragraphs of general factual allegations, the elements of § 666(a)(1)(A), and more specific allegations related to Counts 1–11. In other words, Indictment 2 clearly contains all the elements of the Misapplication Counts and provides a bevy of essential facts that could support the conclusion that the Defendant's conduct met the elements. Contrary to Defendant's assertions, Indictment 2 thoroughly alleges that he intentionally and improperly directed the misapplication of public funds to guarantee a loan for a business partner.

Additionally, the Court rejects the implications of Defendant's narrow reading of *United States v. Thompson*, 484 F.3d 877 (7th Cir. 2007) and *United States v. Jimenez*, 705 F.3d 1305 (11th Cir. 2013). Defendant uses these cases to advance the argument that a conviction under § 666 is improper without a showing of "actual theft or schemes that convey a personal benefit to the defendant." ECF No. 26 at 6. In fact, *Thompson* limits the scope of § 666 where no public funds were lost when a defendant took political considerations into account in awarding a state contract. 484 F.3d at 881–82. *Jimenez* invalidated a conviction where it was not clear that the defendant directed the misuse of the funds at issue. 705 F.3d at 1311. In this case, Defendant is accused of masterminding a scheme that resulted in actual loss of public funds, allegations which

---

[1] Indictment 2 alleges the misappropriation of SEF funds, Passenger Facilities Charges, Small Community Air Service Development grants, and Regional Airport Service Enhancement Committee funds.

bear little resemblance to the conduct of conviction that was overturned in *Thompson* and *Jimenez*. Accordingly, these cases provide no relief from Indictment 2 for Defendant.

Finally, the Court rejects Defendant's contention that Indictment 2 alleges conduct that was legal under Virginia law at the time of the offense. The Court is not required to examine the machinations of the Virginia legislature in evaluating the accusations contained in Indictment 2, as it requires the examination of facts outside the indictment. Indictment 2 properly alleges the misuse of SEF funds, as well as Passenger Facilities Charges, Small Community Air Service Development grants, and Regional Airport Service Enhancement Committee funds. In sum, Indictment 2 is sufficient as to Counts 1–11.

*2. Count 19*

Motion to Dismiss 2 challenges Count 19, arguing "the transactions at issue did not occur within a continuous year, as required by § 666(b)." To support his argument, Defendant makes the following contentions: (1) *United States v. Valentine*, 63 F.3d 459, 462 (6th Cir. 1995) establishes that the alleged misappropriation of funds must occur within a one-year window; and (2) evidence produced during discovery shows that the alleged theft occurred over the course of one year and two days.

The language of Count 19 accuses Defendant of violating § 666 "from in or about November 2014, through in or about November 2015" by making unauthorized expenditures of PAC funds for his own benefit. ECF No. 29 at 20. Assuming the Court adopts the temporal limitation articulated in *Valentine*, there are reasonable interpretations of the language of Indictment 2 that would render Count 19 either sufficient or insufficient, depending on the underlying factual proof. More directly, the determination of whether the alleged theft occurred within a one-year window depends on which day in November 2014 the theft started and which

6

day in November 2015 the theft ended. Such a determination is a factual question that must be resolved at trial. Because it is possible for Defendant to have violated § 666 within one year based on the language of Indictment 2, the Court is not required to decide whether or not to adopt the rule articulated in *Valentine* at this time, nor is the Court able to consider the underlying evidence supporting the allegation. Defendant may still argue that the temporal limitation applies to Count 19 at the close of the Government's case. *See* Fed. R. Crim. P. 29 (allowing for a judgment of acquittal where the evidence is insufficient to sustain a conviction). However, the factual conclusions necessary to support Defendant's temporal limitation argument are premature.

**B. The Money Laundering Counts (18 U.S.C. § 1957)**

Defendant's challenge to the Money Laundering Counts are inseparable from his contentions with regard to the Misappropriation Counts. More directly, Defendant argues that because the conduct at issue in the Misappropriation Counts was not unlawful, the proceeds of those lawful activities cannot constitute the criminally derived property necessary to sustain the elements of Money Laundering. Because the Court has found that Indictment 2 makes proper allegations on the Misappropriation Counts, it follows that the Money Laundering Counts are also properly alleged.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motions to Dismiss (ECF Nos. 26, 27, 41) are **DENIED**.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Newport News, Virginia
January 13, 2020

/s/
Raymond A. Jackson
United States District Judge